Kirk D. Miller, WSBA #40025
Kirk D. Miller, P.S.
421 W. Riverside Ave.
Suite 660
Spokane, WA  99201
(509)413-1494 Telephone
(509)413-1724 Facsimile

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NOHORA LINDO, | ) Case No.: |
| | ) |
| Plaintiff, | ) COMPLAINT |
| | ) |
| vs. | ) (JURY DEMANDED) |
| | ) |
| I.Q. DATA INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

Plaintiff Nohora Lindo, by and through her attorney, Kirk D. Miller of *Kirk D. Miller, P.S.*, allege the following:

I. COMPLAINT

1.1. This is an action for damages and remedies against I.Q. Data International, Inc. (hereinafter "I.Q. Data") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

/////

/////

COMPLAINT 1

/////

## II. JURISDICTION & VENUE

2.1. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C. §1337, and 28 U.S.C. §1331. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

2.2. Venue is proper in this District under 28 U.S.C. §1391(b) because the Defendant conducts affairs and transacts business in this District, the unlawful acts giving rise to this Complaint occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the court.

## III. FEDERAL QUESTION SUBJECT MATTER JURISDICTION

3.1 Plaintiff Nohora Lindo "consumer" as defined by FDCPA, 15 U.S.C. § 1692a(3).

3.2 Plaintiff Nohora Lindo is a natural person.

3.3 Defendant alleged that Plaintiff Nohora Lindo was obligated to pay a debt.

3.4 The alleged debt of Plaintiff Lindo was an alleged obligation to pay money arising out of a transaction primarily for personal, family, or household purposes.

COMPLAINT 2

3.5   The debt that Defendant alleged Plaintiff Lindo was obligated to pay was for a Hillcrest Estates Apartments account.

3.6   Plaintiff denies that she owes any money to Defendant or to Hillcrest Estates.

3.7   Defendant I.Q. Data was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. § 1692a(5).

3.8   Defendant I.Q. Data is a "debt collector" as defined by FDCPA, 15 U.S.C. § 1692a(6).

3.9   Defendant I.Q. Data regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another, using the telephone and mail.

## IV. PARTIES

4.1.   Now, and at all relevant times, Plaintiff Nohora Lindo is a resident of the state of Washington, and resides within the territorial jurisdiction area of the United States District Court for the Western District of Washington.

4.2.   Defendant I.Q. Data is a for-profit corporation, incorporated in the state of Washington and doing business in the state of Washington.

/////

/////

COMPLAINT 3

## V. FACTS

5.1. Plaintiff is a former residential tenant at Hillcrest Estates, an apartment complex.

5.2. Defendant I.Q. Data alleged that sometime in or around 2015, Plaintiff incurred a debt with Hillcrest Estates.

5.3. The alleged debt is an obligation incurred primarily for personal, family or household purposes.

5.4. The debt that I.Q. Data alleges the Plaintiff owes is for a claim by Hillcrest Estates for cleaning, painting, repairs, replacements, and a "Ledger Balance".

5.5. The charges alleged due by Defendant are not liquidated amounts.

5.6. Plaintiff did not agree to pay twelve percent (12%) interest on charges from Hillcrest Estates.

5.7. Plaintiff disputes all allegations that she owes any part of the alleged debt.

5.8. On or about January 29, 2016, Defendant sent a dunning letter to Plaintiff that was a communication in connection with the collection of the alleged Hillcrest Estates debt.

COMPLAINT 4

5.9. The January 29, 2016 letter from Defendant to Plaintiff was the first collection communication from Defendant to Plaintiff in connection with the alleged Hillcrest Estates debt.

5.10. The January 29, 2016 letter contains a disclosure that is substantially in the form required by 15 U.S.C. § 1692g(a).

5.11. The January 29, 2016 letter states in part that "Your unpaid principal balance will accrue interest at a rate of 012.00 percent per annum"

5.12. The January 29, 2016 letter states that Plaintiff owes twenty-four dollars and eighty cents ($24.80) for interest on the Hillcrest Estates account.

5.13. On February 23, 2015, Plaintiff, through her then attorney, Jamie Graves-Haslam, a staff attorney with the Northwest Justice Project, sent a letter to Defendant, disputing the alleged debt.

5.14. The February 23, 2015 letter stated in relevant part that "Our office currently represents Ms. Nohora Lindo in the above-referenced matter".

5.15. Defendant received Ms. Graves-Haslam's February 23, 2015 letter on February 29, 2015 and it was signed for by Defendant's agent Diana Roe.

COMPLAINT 5

5.16. At no time did attorney Jamie Graves-Haslam consent to Defendant contacting Plaintiff directly.

5.17. As of February 29, 2015, Defendant knew that Plaintiff was represented by an attorney.

5.18. On or about March 7, 2016, Defendant sent another letter directly to Plaintiff, rather than her attorney.

5.19. The March 7, 2016 letter was a communication sent in connection with the collection of the Hillcrest Estates account.

5.20. At no time prior to March 7, 2016, did Defendant mail a copy of any verification of the alleged debt to Plaintiff, or anyone else.

5.21. The March 7, 2016 letter alleges that Plaintiff owes forty dollars and fifty cents ($40.50) in interest charges, in addition to the principal amount allegedly due.

5.22. On March 22, 2016, Defendant sent a collection communication, along with verification of the alleged debt to Plaintiff's counsel.

5.23. The March 22, 2016 letter alleges that Plaintiff owes forty-six dollars and seventy cents ($46.70) in interest charges, in addition to the principal amount allegedly due.

COMPLAINT 6

## VI. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

6.1. Plaintiff Nohora Lindo incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

6.2. Defendant I.Q. Data, violated 15 U.S.C. § 1692c(a)(2) by communicating in connection with the collection of a debt, with a person known to be represented by counsel.

6.3. Defendant I.Q. Data violated 15 U.S.C. § 1692g by continuing to attempt to collect a debt from Plaintiff, after Plaintiff disputed the alleged debt, and before Defendant mailed a copy of the verification to Plaintiff.

6.4. Defendant I.Q. Data violated 15 U.S.C. § 1692f(1) by attempting to collect interest charges from the Plaintiff on unliquidated amounts because interest was not authorized by any agreement between Plaintiff and Hillcrest Estates and Washington State Law does not allow prejudgment interest on unliquidated sums.

6.5. As a result of each of Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages up to one thousand dollars ($1,000.00) pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable

COMPLAINT 7

attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## VII. ARTICLE III STANDING

7.1   Defendant's Injury is Particularized.

    7.1.1  Defendant's actions affected the Plaintiff in a personal and individual way.

    7.1.2  Defendant specifically violated the Defendant's rights (as opposed to the rights of others), to which she is entitled to under the FDCPA, as set forth in § VI, above.

7.2   Plaintiff's Injury is Concrete.

    7.2.1  "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692.

    7.2.2  Violating 15 U.S.C. § 1692c is abusive conduct by a debt collector.

    7.2.3  Plaintiff had a right to not receive communications from Defendant after he was represented by counsel.

COMPLAINT 8

7.2.4  Defendants illegal contacts caused the Plaintiff annoyance and frustration.

7.2.5  Defendant's illegal contacts were akin to a trespass upon Plaintiff's right to not receive communications from a debt collector.

7.2.6  Defendant's continued collection efforts after receiving a dispute caused an informational injury to Plaintiff, as she was deprived of her right to verification from the original creditor before collection efforts continued.

7.2.7  Defendant's attempts to collect illegal interest charges caused a substantial risk of harm that people, including the defendant might pay the illegal charges.

7.2.8  Defendant's acts and omissions that violated the FDCPA caused Plaintiff concrete injury to his legal rights under the act.

7.2.9  De

## VIII. DEMAND

WHEREFORE, Plaintiff demands judgment as follows:

7.1.  Judgment for statutory and actual damages pursuant to the FDCPA, 15 U.S.C. § 1692k(a), including an award of one thousand dollars ($1,000.00) pursuant to 15 U.S.C.§1692k(a)(2)(A) against Defendant and for Plaintiff;

COMPLAINT 9

7.2.   Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. §1692k(a)(3); and

7.3.   For such other and further relief as may be just and proper.

DATED this 13th day of July, 2016.

*Kirk D. Miller, P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiff

COMPLAINT 10